UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                              2:00-cr-74-FtM-29DNF

ANGEL DELGADO
_____

**OPINION AND ORDER**

     This matter comes before the Court on Defendant's Motion for Reconsideration 18 U.S.C. § 3582(c)(2) Amendment 706 (Crack Cocaine) (Doc. #38), filed on May 5, 2008. Defendant seeks reconsideration of the Courts Opinion and Order (Doc. #37) in which it found defendant was not eligible for a sentence reduction under recent crack cocaine amendments to the U.S. Sentencing Guidelines. Specifically, the Court found that the amendments would not have the effect of lowering defendant's applicable guideline range because defendant was sentenced as a career offender. Defendant now asserts that the court has the inherent authority to reduce his sentence, and that failing to do so would violate cases such as United States v. Booker, 543 U.S. 220 (2005) and Kimbrough v. United States, 128 S. Ct. 558 (2007).

    The Court has no inherent power to correct even an illegal sentence, but rather must look to the specific parameters of federal statutes and the Federal Rules of Criminal Procedure.

United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002), cert. denied, 539 U.S. 951 (2003).  Thus, the Court has no inherent power to reduce defendant's sentence.

Proceedings under § 3582(c) and § 1B1.10 "do not constitute a full resentencing of the defendant," U.S.S.G. § 1B1.10(a)(3), or a *de novo* resentencing.  United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005), cert. denied, 547 U.S. 1050 (2006); United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000); United States v. Cothran, 106 F.3d 1560, 1562 (11th Cir. 1997).  The Court does not re-examine the other sentencing determinations made at the original sentencing.  United States v. Cothran, 106 F.3d at 1562-63; Bravo, 203 F.3d at 781.  Additionally, the Eleventh Circuit has already stated that "Booker is inapplicable to § 3582(c)(2) motions."  Moreno, 421 F.3d at 1220; United States v. Alebord, 256 Fed. Appx. 255 (11th Cir. 2007).  Nothing in Kimbrough or other recent Supreme Court cases suggest that the Court has the authority to reduce a sentence outside the specific parameters of the federal statutes and the Federal Rules of Criminal Procedure.  As the Court stated in its original Opinion and Order, there is no other basis for jurisdiction in this case.

Accordingly, it is now

**ORDERED**:

Defendant's Motion for Reconsideration 18 U.S.C. § 3582(c)(2) Amendment 706 (Crack Cocaine) (Doc. #38) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of May, 2008.

*John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
AUSA Barclift
Angel Delgado
U.S. Probation
U.S. Marshal